IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jennifer G., | ) | Case No.: 6:22-cv-01559-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Jennifer G.[1] ("Plaintiff" or "Jennifer") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB"). The Magistrate Judge issued a Report and Recommendation on January 17, 2023, recommending the Commissioner's decision be affirmed. (DE 16.) On January 31, 2023, Plaintiff filed Objections to the Report and Recommendation, contending the Administrative Law Judge (ALJ) "failed to properly evaluate [Plaintiff's] subjective complaints" and "opinion evidence." (DE 17.)

Having carefully considered Plaintiff's objections and the applicable law, the Court adopts the Report and Recommendation and affirms the decision of the Commissioner.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 16.) However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary. Plaintiff, who was 41 years old on the date last insured, seeks disability based upon chronic pain; an inability to perform most postural movements; a limited ability to stand, walk, or sit except for brief periods of time; a limited ability to lift; and an inability to concentrate or focus on basic tasks. She has past relevant work experience as a waitress and restaurant manager. (DE 9-2, p. 20.)

Plaintiff filed an application for DIB on September 20, 2019, alleging that she became unable to work on August 26, 2011. (DE 9-5, pp. 2-8.) The application was denied initially (DE 9-3, pp. 2-8) and on reconsideration (DE 9-3, pp. 10-16) by the Social Security Administration. On November 3, 2020, an administrative hearing was held, during which Plaintiff amended her alleged onset date to June 13, 2018 (DE 9-2, 32-33, 55-56, and DE 9-5, 19). On March 1, 2021, the ALJ considered the case *de novo* and found that the Plaintiff was not under a disability as defined in the Social Security Act, as amended (DE 9-3, pp. 22-24).

Plaintiff requested review by the Appeals Council, and on June 7, 2021, the Appeals Council issued an order remanding Plaintiff's case to the ALJ and instructed that additional matters be completed by the ALJ on remand. (DE 9-3, pp. 37-39.) Based on the remand from the Appeals Council, on October 21, 2021, a second administrative hearing was held, and on November 29, 2021, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. (DE 9-2, pp. 13-28.) The ALJ's finding became the final decision of the Commissioner of Social Security pursuant to 20 C.F.R. § 404.984(d). Plaintiff then filed this action for judicial review. (DE 1.)

**LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v.

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only— "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

Plaintiff objects to the Report and Recommendation on the basis that the Report improperly discusses the "ALJ's evaluation of opinion evidence, not [Plaintiff's] subjection complaints." (DE 17, p. 2.) Further, Plaintiff objects to the Magistrate Judge's finding of no error in the ALJ's consideration of George's subjective complaints because "the ALJ's discussion at R 18-19 was related to the ALJ's evaluation of the opinion evidence, not George's subjective complaints." (Id.) The Court disagrees that the Report misconstrued opinion evidence for subjective complaints. In fact, the ALJ noted the following:

> Nevertheless, the claimant has been receiving the same conservative treatment for years. According to treatment records, her chronic back pain is adequately controlled with medication. 'Her pain and spasms are controlled with Flexeril'(citations omitted). With Fentanyl and Percocet, her pain is 'almost completely controlled' (citation omitted). On examination, she has full range of motion; there are no focal neurologic deficits; strength and sensation are intact in the extremities (citation omitted). This evidence indicates that her residual symptoms can be accommodated by limiting her to light work with postural limitations.

(DE 9-2, pp. 18) (internal citations omitted.) Accordingly, the Magistrate properly found that the ALJ considered subjective opinions upon which the Magistrate relied in the Report, and the Court overrules this objection.

Next, Plaintiff disagrees with the ALJ and by extension the Magistrate's discussion of Plaintiff's lack of medication side effects. (DE 17, p. 3.) Plaintiff contends, "if a claimant does not report any side effects and has no side effects from her medications, this does not mean that the individual's allegations are not to be believed. To find so would allow the rejection of every claimant who does not report medication side effects." (Id.) However, this characterization of the analysis is sweepingly overbroad. A review of the record demonstrates the ALJ found,

> In spite of her use of narcotic medications, there is no record of the claimant complaining of medication side effects. Review of systems and physical examinations did not document cognitive symptoms or side effects. Therefore, her use of narcotics can be accommodated by limiting her exposure to heights and hazards.

(Id.) Given the Court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard, reference to a lack of side effects from medications as part of a comprehensive analysis is not sufficient grounds for reversal.[3] See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). While Plaintiff takes further issue with "the Magistrate Judge repeat[ing] the ALJ's string cites to notes showing that George 'was in no acute distress, was well-developed, had full range of motion ('ROM') in her neck and

---

[3] Part of the ALJ's analysis included reference to a December 29, 2020, consultative physical examination, which indicated among other things, that Plaintiff's "[g]ait was stiff, and she had difficulty squatting, walking on the right heel, and walking on toes," "[t]here was lower back tenderness," "strength was 5/5 throughout except 4/5 strength in the right lower extremity," "[r]eflexes were 2+ throughout with the exception of 1+ in the right lower extremity," "[g]rip strength was 5/5 bilaterally, and she was able to perform fine and gross movements with the hands," [g]ait was overall stable," "[t]andem walk was normal," "[t]here was no atrophy," "[t]here were no focal neurologic deficits," and "[s]he appeared comfortable and in no acute distress," all of which supports "a finding that the claimant can sustain a reduced range of light work in spite of her degenerative disc disease."

musculoskeletal system, had tenderness to palpation in her spine, had a lesion to her upper lip, and had normal motor strength in her upper and lower extremities'" (DE 16, p. 9), these portions of records are factually accurate and, therefore, consistent with the ALJ's determination and with substantial evidence in the record. In effect, Plaintiff urges this Court to give more weight to Plaintiff's subjective reports of debilitating pain interfering with all aspects of life. However, given the ALJ's determination and the Court's *de novo* review of the record, there is substantial evidence therein to support the ALJ's conclusion.

Plaintiff also takes issue with the ALJ's reliance on "full range of motion" notations in medical records that Plaintiff suggests are computer generated in nature and internally inconsistent with other portions of the same records. Nevertheless, the Plaintiff points out that "even when it is noted that Percocet had 'almost completely controlled' her breakthrough pain, it also noted that her core was unstable and that she had 'frequent exacerbations of her pain,'" which should entitle her to DIB. However, upon review of the record, the Court declines to do so and overrules this objection. This Court should not disturb the ALJ's weighing of the medical opinion evidence of record, make credibility determinations, or substitute [its] judgment for that of the ALJ. See Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. Therefore, in light of the record before the Court, the Court declines to disturb the ALJ's decision.

Given the record as a whole, the Plaintiff's mere disagreement as to the DIB decision is not persuasive. Therefore, the Report properly considered the evidence in the record, the Plaintiff's objections are overruled, and the Court affirms the Commissioner's decision.

## **CONCLUSION**

For the foregoing reasons, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

August 24, 2023
Florence, South Carolina